645 P.2d 816
**STATE of Arizona, Appellee,**

v.

**Paris Hoyt CARRIGER, Appellant.**

**No. 4457–2–PC.**

Supreme Court of Arizona,
In Banc.

May 5, 1982.

---

Thomas E. Collins, Maricopa County Atty. by Jessica Gifford, Deputy Maricopa County Atty., Phoenix, for appellee.

Hirsh & Bayles by Donald H. Bayles, Jr., Tucson, for appellant.

CAMERON, Justice.

We granted the petition of the defendant, Paris Hoyt Carriger, for review of the trial court's denial of his petition for post-conviction relief. We have jurisdiction pursuant to A.R.S. § 13–4031 and Rule 32.9, Arizona Rules of Criminal Procedure, 17 A.R.S.

We must answer two questions on review:

1. Does the record show that the defendant was denied effective assistance of counsel at the sentencing hearing?

2. Did the trial court abuse its discretion in failing to hold a hearing on defendant's petition for post-conviction relief?

The facts necessary for a determination of this matter are as follows. Defendant was tried, convicted and adjudged guilty of the crimes of robbery and murder in the first degree. He was sentenced to death for the murder and 99 years for the robbery. He appealed the matter to this court and we affirmed the conviction and sentence. *State v. Carriger*, 123 Ariz. 335, 599 P.2d 788 (1979).

Defendant was represented by one lawyer at trial and a second lawyer on appeal. After the appeal, a third lawyer was appointed for defendant and he petitioned the trial court for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S. Upon filing, the trial court ordered the time for response and reply, and indicated the court would then "determine whether to dismiss the petition summarily, set it for an informal conference or an evidentiary hearing." After the pleadings were filed, the trial court set an informal (prehearing) conference at which time counsel for the State and the defendant were heard. The trial judge then denied the petition. Thus, the petition for post-conviction relief was denied without an evidentiary hearing. Defendant petitioned this court for review of the decision of the trial court pursuant to Rule 32.9, Arizona Rules of Criminal Procedure, 17 A.R.S.

## EFFECTIVE ASSISTANCE OF COUNSEL

In the petition for post-conviction relief pursuant to Rule 32, supra, the defendant stated that he was denied effective assistance of counsel during sentencing because of the failure of his counsel

"* * * to act as a partisan advocate on behalf of defendant Carriger in investigating and assembling available mitigating evidence. Defense counsel absolutely failed to contact available witnesses or otherwise undertake any investigation

whatsoever in an effort to present mitigating evidence to the court. As a result of this utter failure, the court was deprived of available mitigating evidence which was necessary to properly evaluate and render a decision as to whether or not Paris Carriger should be executed. * * * "

This allegation is supported by the transcript of the record which was in the file and available to the trial court at the time of the ruling and which was referred to and quoted from in the petition for post-conviction relief. The transcript of the sentencing reads as follows:

"THE COURT: We turn then to the defense, any mitigation, and I want to clarify that you may present any and all mitigation that you wish to present.

"MR. GAY: Your Honor, the word mitigation means, in my vocabulary, or taken in this text means, yes, Mr. Carriger, you did it but you shouldn't be given this particular penalty because of something else or that he did or did not do in his past. I could point out a number of good things about Mr. Carriger's past. I could point out that all the time that he was in prison, that he never had any problems. I could point out that he is a very gentle person in a number of ways.

On the other hand to point those things out to the court, I am actually saying that Mr. Carriger did kill Mr. Shaw and he didn't. He is totally innocent of this charge, and therefore, for us to mitigate a crime which he did not perform is more or less useless, and therefore, we do not plan to call any witnesses in his behalf. Thank you.

"THE COURT: You have any further mitigation of any sort at this time? I want to clarify that from the standpoint of the record, again the provisions of 13–454 require that—if first degree murder, that the court shall pronounce the death penalty if any of the six provisions under section E are apparent. Then, the mitigation circumstances, if there are mitigation circum-

stances, then of course the court is to resort to the only other penalty which is life imprisonment without possibility of parole for 25 years.

Six F has also been broadened by the Supreme Court of the United States and the Supreme Court of this State wherein any and all areas of mitigation whether it deals with the defendant's character or whatever, may be presented to this court, and that mitigation is, let's say, to be considered by the court in whether or not the court must follow the mandatory provisions of 13–454 and impose the death penalty or whether mitigation in the code section or any and all other mitigation calls for the life term sentence.

Once again I ask, is there any additional mitigation?

"MR. GAY: I have nothing further, Your Honor. I think, of course, I know that the court will take into consideration Dr. Bendheim's report and the other reports."

Defendant's petition for post-conviction relief in the Superior Court also contained numerous affidavits of people willing to testify in mitigation for the defendant, as well as affidavits from attorneys familiar with the criminal law practice expressing their opinion that the defendant did not receive adequate representation. Thus the issue raised and the facts supporting it were squarely before the court.

The duty of defense counsel in representing his client does not terminate with a determination of guilt, but extends to the sentencing stage. Rule 6.3(b), Arizona Rules of Criminal Procedure, 17 A.R.S.; *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977).

" * * * It has been the rule in Arizona since *State v. Kruchten,* (citations omitted), that a conviction will not be set aside unless the representation by a defendant's lawyer was so ineffective that the proceedings were reduced to a farce, sham or mockery of justice. (citations omitted)" *State v. Williams,* 122 Ariz. 146, 150, 593 P.2d 896, 900 (1979).

And the United States Ninth Circuit Court of Appeals has concluded that the "farce and mockery standard has been outmoded" and that a "reasonably competent and effective representation" standard is a more "apt and accurate" standard. See *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978).

■ In the instant case, we have no difficulty in finding that counsel's representation fell below both standards. It is true that many acts or failures to act on the part of the defense counsel at the guilt determination stage can often be attributed or ascribed to trial strategy, and we will not second-guess such trial strategy simply because defendant, by hindsight, may contend on appeal that such representation did not measure up to the necessary standard. At the punishment or sentencing stage, the duty of the attorney is clearer and easier to evaluate. At a minimum, defendant's attorney had the obligation to challenge the admission of aggravating evidence where reasonably possible and to present available pertinent mitigating evidence. As the Louisiana court noted:

"This Court does not sit to second-guess strategic and tactical choices made by trial counsel. We are aware that understatement and deliberate omission may be sometimes based on informed tactical judgment. However, when counsel's acts and omissions reduce his role to one approaching that of a neutral observer, a defendant is denied the effective assistance of counsel." *State v. Myles*, 389 So.2d 12, 31 (La.1979).

■ We believe in this case that the attorney's conduct approached that of a neutral observer and that the sentences imposed must be set aside and the matter remanded to the trial court for rehearing and resentencing.

The State contends, however, that the trial court had the right to rely upon Rule 32.2, Arizona Rules of Criminal Procedure, 17 A.R.S., which states:

"Rule 32.2. Preclusion of remedy

"a. Preclusion. A petitioner will not be given relief under this rule based upon any ground:

\* \* \* \* \* \*

(2) Finally adjudicated on the merits on appeal or in any previous collateral proceeding;

(3) Knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding."

■ In the prior appeal to this court, the defendant raised the question of inadequate representation of counsel, and we stated:

"Carriger next contends that since his counsel failed to cross-examine the witness on the prior convictions, he was denied effective assistance of counsel. We do not agree. Even applying the 'reasonably competent attorney' standard adopted in *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978), we note that the ultimate question remains whether any error by counsel 'materially affected the deliberations of the jury.' *Id.* at 1332.

"We do not believe counsel's omission could have materially affected the deliberations of the jury. The jury was informed of the number, nature, date, and place of each of the prior felony convictions. The only effect of counsel's omission was that the jury was not told of the convictions twice. Carriger was not denied effective assistance of counsel." *State v. Carriger*, supra, 123 Ariz. at 337–38, 599 P.2d 790–91.

A reading of the opinion in *Carriger*, supra, and the briefs filed in the appeal, indicate that defendant's attorney raised the question of the adequacy of representation of counsel only as to the guilt stage of the proceeding and not in connection with defendant's punishment. The issue of defendant's inadequate representation at the sentencing was not raised or considered by this court. Having not been raised in the appeal, it is not precluded by Rule 32.2(a)(2), Arizona Rules of Criminal Procedure, 17 A.R.S., from being raised in the instant post-conviction hearing. Neither do we find that it was knowingly, voluntarily and intelligently not raised on appeal. Rule 32.2(a)(3), Arizona Rules of Criminal Procedure, 17 A.R.S. Even when we consider the

inference of waiver of Rule 32.2(c), the record does not indicate that the defendant waived this issue by failing to raise it on appeal. We believe the question of adequate representation at the sentencing stage was properly before the court in the Rule 32 petition.

## FAILURE TO CONDUCT A HEARING

Other matters were raised by the petition for post-conviction relief which should have been considered by the court, and it was error to summarily deny the petition. Rule 32, supra. It is true that the court may hold a prehearing conference, see Rule 32.7, Arizona Rules of Criminal Procedure, 17 A.R.S., and the court may dispose of the matter summarily pursuant to Rule 32.6(c), Arizona Rules of Criminal Procedure, 17 A.R.S., if the court determines that "no material issue of fact or law exists" which would entitle the petitioner to relief under the rule, and that no purpose would be served by any further proceedings. However, these are exceptions to the general rule.

"Rule 32.8 Evidentiary hearing

"a. Plenary Hearing. The petitioner shall be entitled to a hearing to determine issues of material fact, with the right to be present and to subpoena witnesses in his behalf. When facilities are available, the court may, in its discretion, order the hearing to be held at the place of confinement, giving at least 5 days notice to the officer in charge of the confinement facility. A verbatim record of the hearing shall be made."

If in doubt, a hearing should be held to allow the defendant to raise all relevant issues, to resolve the matters finally, and to make a record for review.

One of the purposes of Rule 32 is to provide a record by which the defendant's allegations and the court's disposition of them may be reviewed by the appellate courts, state and federal. See *Rose v. Lun-dy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). For example, an issue in this case that should have been heard by the trial court concerned the application of subsection (g) of Rule 32.1, supra, which provides that post-conviction relief may be granted where:

"g. There has been a significant change in the law applied in the process which led to the petitioner's conviction or sentence, and there are sufficient reasons to allow retroactive application of the changed legal standard."

Petitioner raised the issue of a change in the law pursuant to *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), which prohibits the imposition of the death sentence in cases where the jury was not instructed as to second degree murder when the facts of the case support such instruction. We do not know if the decision in *Beck*, supra, applies in this case, but defendant should be given an opportunity to raise this and other issues contained in his petition at a hearing "to determine issues of material fact." Rule 32.8, supra.

The denial of defendant's petition for post-conviction relief is set aside and the matter remanded for a hearing pursuant to Rule 32, Arizona Rules of Criminal Procedure, 17 A.R.S., at which time the court shall order a rehearing and resentencing pursuant to this opinion. The court shall also hear and consider such other matters properly raised in defendant's petition for post-conviction relief pursuant to Rule 32, supra.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS and FELDMAN, JJ., concur.