750 P.2d 8

**STATE of Arizona, Respondent,**

v.

**William Rocco D'AMBROSIO, Petitioner.**

**No. 1 CA–CR 9580–PR.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 26, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., Michael K. Carroll and David McCormack, Asst. Attys. Gen., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Charles R. Krull and James H. Kemper, Deputy Public Defenders, Phoenix, for petitioner.

## OPINION

JACOBSON, Presiding Judge.

Petitioner filed this petition for review from the trial court's denial of his motion for rehearing following a summary denial of his petition for post-conviction relief. On review, we will consider only those issues preserved in the motion for rehearing. *State v. McFord*, 125 Ariz. 377, 609 P.2d 1077 (App.1980). On rehearing, petitioner

contended that the trial court erred in not granting him an evidentiary hearing on his claims of ineffective assistance of trial counsel and the existence of newly discovered evidence that would have changed the sentence imposed. We deny relief.

Petitioner was convicted of one count of conspiracy and one count of grand theft by false pretenses. He was sentenced to serve concurrent terms of not less than eight nor more than ten years on the conspiracy conviction, and not less than twenty nor more than twenty-five years on the conviction of grand theft by false pretenses. He appealed, and on March 20, 1984, this court affirmed the convictions and sentences by memorandum decision in *State v. D'Ambrosio*, 1 CA–CR 5549 (Ariz. App. March 20, 1984).

On appeal, petitioner raised fifteen issues, including an allegation that he was denied effective assistance of counsel at trial. He indicated that his trial counsel was suspended from the practice of law for a period of eighteen months pursuant to stipulated findings of the State Bar of Arizona. We noted that none of those findings were part of the record on appeal, and that we would accordingly not consider such matters in determining the effectiveness of counsel. However, we indicated that, if appellant's counsel made statements concerning the trial of the present case in state bar proceedings, the matters should be developed in a petition for postconviction relief under Rule 32, Arizona Rules of Criminal Procedure. We also held that if a petition were filed, the provisions of Rule 32.2 regarding preclusion would not be applicable.

Petitioner raised other allegations of ineffective assistance of counsel on appeal, including a claim that, at various times during the trial, counsel was unintelligible and made rambling presentations to the trial court and to the jury. Although the trial lasted several weeks, petitioner pointed to only three alleged examples of such presentations by his trial counsel. We noted the other efforts of counsel on petitioner's behalf, and concluded that petitioner had failed to establish his attorney was not minimally competent under *State v. Watson*, 134 Ariz. 1, 653 P.2d 351 (1982), which established the applicable test when the decision on appeal was rendered.

In post-conviction proceedings, petitioner presented the stipulated findings of the state bar proceedings against his attorney, and argued that his attorney was ineffective due to his chronic alcoholism. He additionally submitted an affidavit from his trial attorney's secretary that stated the attorney suffered from a severe drinking problem during the time he represented petitioner. The affidavit indicated that counsel would consume a minimum of five drinks at lunch on several occasions before returning to court to resume trial. The secretary stated that petitioner's files remained in the trunk of counsel's car except when counsel was in the courtroom. The secretary also opined that counsel failed to represent petitioner adequately.

Petitioner also alleged several specific instances where counsel's performance was inadequate. These specific instances were previously considered in the appeal and, as conceded by his present counsel, were decided adversely to the petitioner.

Petitioner also asserted in the post-conviction proceedings that his sentence was based on improper information regarding his association with organized crime. Attached to the petition for post-conviction relief was a report from the FBI stating that an investigation failed to develop information that petitioner was involved in organized crime. He maintains that the report constituted newly discovered evidence that would have changed his sentence.

In response to the petition, the state alleged that petitioner's argument concerning the sentence failed to establish a ground for relief recognized by Rule 32.1 and should be summarily disposed of pursuant to Rule 32.6(c). With regard to petitioner's claim of ineffective assistance of counsel, the state similarly argued for summary denial because the State Bar made no findings concerning counsel's performance in the petitioner's case.

After reviewing the pleadings and hearing oral argument, the trial court found that the issues could have been raised on appeal and were precluded from review pursuant to Rule 32.2, Arizona Rules of Criminal Procedure. Petitioner's motion for rehearing was denied, and he timely filed a petition for review. The judge who presided over the post-conviction proceedings was also the trial judge in this case.

## PRECLUSION

■ In our opinion, the trial court's order of preclusion was too broad. On the issue of ineffective assistance of counsel, the trial court correctly held that those specific instances of counsel's performance which were considered by this court in the original appeal could not be reconsidered by the trial court under a Rule 32 proceeding—not because of preclusion, but because of principles of law of the case. However, those allegations arising out of the bar disciplinary proceedings and counsel's alcoholism were specifically excluded from the effect of preclusion by our prior decision. As to the sentencing issue, it appears that the information contained in the FBI reports, which forms the basis of this allegation, was not available to petitioner until after he appealed. This issue, likewise, could not be precluded based upon the failure to raise it on appeal.

We therefore reach the merits of these issues.

## MERITS

■ Petitioner contends that his sentence was based on an erroneous presentence report statement that he was associated with organized crime. His claim that the report is erroneous is founded upon an FBI report indicating that no information had been discovered linking petitioner to organized crime. We find that the FBI report fails to present a colorable claim upon which relief would be granted. The source of the report is unclear. Further, petitioner supplied only a portion of the report, which contains no date, no name of author, or the purpose of the report. Similarly, the degree of investigation into petitioner's activities is not discussed. Contrary to petitioner's assertion, the report falls short of reflecting that petitioner was not involved in organized crime activities. To obtain relief on the grounds of newly discovered evidence, petitioner must show that the admission of the evidence would have altered the result. *State v. Mann*, 117 Ariz. 517, 572 P.2d 917 (App.1977). The portion of the FBI report was insufficient to establish that consideration of the report would have changed the sentence. We thus conclude that petitioner failed to present a colorable claim for relief on the grounds of newly discovered evidence.

As to petitioner's allegations that his trial counsel's intoxication deprived him of effective assistance of counsel, as previously noted, he is unable to articulate any specific instance where counsel's conduct failed to comply with the prevailing standard of competency. As petitioner's counsel in these proceedings candidly admits, "on the face of the record one may initially feel that petitioner received effective counsel...."

■ Rather what petitioner wants this court to hold is that if evidence of intoxication exists and, in the words of petitioner's counsel, "such conduct is sufficient to warrant an indefinite suspension from the practice of law, it is equally sufficient to establish a *per se* violation of a criminal defendant's right to receive the effective assistance of counsel." We have had occasion recently to observe in the area of malpractice that mere allegations of alcoholism, without relating that condition to specific acts, is insufficient to prove malpractice. *Ornelas v. Fry*, 151 Ariz. 324, 727 P.2d 819 (App.1986).

■ That reasoning is equally applicable here. We cannot deal with effective assistance of counsel in abstract terms, but must be concerned with specific conduct as it affects the rights of a criminal defendant. In the absence of evidence that counsel's alleged alcoholism or intoxication adversely affected counsel's performance in representing his client, we are unwilling to adopt the *per se* rule advocated by petitioner.

■ The dissent in this matter indicates that our conclusion that the record fails to show specific instances of ineffectiveness is based upon the lack of findings by the State Bar in the disciplinary proceedings. It is true that the State Bar findings do not address these issues, probably for the reasons set forth by the dissenter.

However, the petitioner was not precluded from bringing to the attention of the trial court any instances of ineffectiveness which had not been previously ruled upon, regardless of the findings of the State Bar. This he failed to do.[1] It is this failure to *allege* specific instances of ineffectiveness rather than the failure of the State Bar to make *findings*, which renders his petition subject to summary denial for failing to present a colorable claim.

Finally, the judge who presided over the post-conviction proceedings was also the judge who presided over the trial proceedings. He was therefore in a position to observe trial counsel's conduct. The trial court did not indicate any findings that counsel was ineffective or appeared to be intoxicated during the trial court proceedings. Petitioner has failed to make any showing that his trial counsel was ineffective due to the consumption of alcohol, and that he was prejudiced as a result of counsel's performance. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985). We therefore conclude that petitioner has failed to present this court with a colorable claim for relief which would have entitled him to an evidentiary hearing on the issue.

For the foregoing reasons, review is granted and relief is denied.

GERBER, J., concurs.

CONTRERAS, Judge, Dissenting.

In determining that petitioner failed to show that trial counsel was ineffective due to his consumption of alcohol or that any prejudice resulted from counsel's actual performance at trial, the majority, in my opinion, overlooks one critical point: The merits of the numerous specific allegations contained in petitioner's complaint to the State Bar relating to his former counsel's "constant state of intoxication" and his resulting effectiveness or ineffectiveness have *never* been properly considered or determined. Yet, seemingly, it is the "existence" of these non-existent findings which forms the basis for the majority's decision. Because of this, I would reverse for an evidentiary hearing on the merits of petitioner's claim relating to his counsel's alleged intoxication and its effect upon his representation at trial. The specifics will be discussed in more detail.

The State Bar findings referred to by the majority were issued on May 19, 1982, and dealt only with complaints *then pending*. Petitioner's complaint to the State Bar of Arizona was mailed on September 23, 1982, and was, itself, *pending* when, on November 1, 1982, petitioner's former counsel entered into an Agreement For Discipline By Consent. Since the Agreement specifically provided that "if the terms of the agreement are accepted ... then the D'Ambrosio matter currently pending before the State Bar of Arizona may be administratively closed," no subsequent findings were made and the merits of petitioner's specific claims were *never considered*, let alone determined, by the State Bar.

Petitioner then attempted to argue his former counsel's ineffectiveness at trial on direct appeal to this court. After noting the existence of the bar proceedings, we stated in an unpublished memorandum decision:

> Apparently, some of [the stipulated] findings [of the State Bar of Arizona]

---

1. The dissent also indicates that petitioner's complaint was "specific and in depth" in detailing counsel's alleged inadequacies. In fact, these allegations consisted of five "contentions": (1) that counsel failed to probe into the alleged background of state's witness, Richard A. Mille; (2) that counsel was under the influence of alcohol during the trial; (3) that counsel failed to probe into the background of state's witness, Howard Woodall; and (4) that counsel failed to investigate state's witness Charles Schumancy who testified as to the petitioner's "organized crime" connection; and (5) that counsel refused to "withdraw" from representation of petitioner. In our opinion, these alleged "failures" were adequately considered by the court in the original appeal and found not to constitute inadequate representation.

relate to the trial of the instant case. However, none of those findings are part of the record on appeal. Moreover, the state bar findings are confidential. We will not consider matters which are not part of the record in determining the effectiveness of counsel. If counsel for appellant made statements concerning the trial of this case in the state bar proceedings, *the matter should be developed in a petition for post-conviction relief filed pursuant to Rule 32. Should such a petition be filed, the provisions of Rule 32.2 regarding preclusion shall not be applicable.*

(Emphasis added.)

Since the bar proceedings were concluded (by way of the Agreement For Discipline By Consent) *prior* to a determination of the merits of petitioner's complaint, no "findings" arising from such proceedings exist in relation to petitioner's claim. As such, the "findings" referred to in this court's disposition of petitioner's direct appeal *did not* and *do not exist* and, once again, the merits of petitioner's claim of ineffectiveness resulting from counsel's "alleged continuous state of intoxication" and its effect on trial counsel's performance below were never considered.

Nevertheless, in accordance with this court's directions after issuance of our memorandum decision, the record reflects that petitioner filed a Petition for Post–Conviction Relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, in which he again raised and presented the issue relating to the ineffective assistance of his trial counsel, including that which resulted from or was associated with counsel's alleged state of intoxication during trial. In considering the petition, however, the trial court, after restating the various allegations, simply concluded:

An examination of the issues raised in Petitioner's complaint filed with the State Bar of Arizona demonstrates that each issue could have been raised on the appeal filed herin [sic] and in default thereof, Petitioner is precluded from relief under Rule 32.2 of the Rules of Criminal Procedure.

As the majority points out, however, this resolution totally ignores the fact that petitioner *did* raise the issues on direct appeal but was specifically precluded due to this court's *mistaken impression* that "findings" had been or would be made in the State Bar proceedings regarding petitioner's allegations against his counsel. In fact, it was because of what I perceive to be a misconception that this court specifically immunized petitioner from the preclusive effect of Rule 32.2 and directed him to develop the allegations in a Rule 32 petition. Thus, for a third time, petitioner raised the issue only to see it once again effectively sidestepped by the court without making any determination as to its merits.

Finally, petitioner filed a Motion for Rehearing, again presenting and restating his claim of ineffectiveness. The motion was summarily denied, which brings us to the Petition for Review currently before this court.

While the trial court may dismiss a petition for post-conviction relief where it determines from the pleadings and record that all of petitioner's claims are frivolous and that it would not be beneficial to continue the proceedings (*see* Rules 32.7 and 32.6(c), Arizona Rules of Criminal Procedure), if the court finds a "colorable claim," it is required by *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), to make a full factual determination before deciding the petition on its merits. To be "colorable," a claim must have the appearance of validity. *State v. Richmond*, 114 Ariz. 186, 560 P.2d 41 (1976); *State v. Gunter*, 132 Ariz. 64, 643 P.2d 1034 (App. 1982). That is, if petitioner's contentions are taken as true, do they successfully show ineffectiveness of counsel thereby warranting review? *See State v. Suarez*, 23 Ariz.App. 45, 530 P.2d 402 (1975). *See* Rule 32.8; Comment to Rule 32.6. *See also State v. Carriger*, 132 Ariz. 301, 645 P.2d 816 (1982). If in doubt, a hearing should be held to allow the petitioner to raise all relevant issues, to resolve the matters finally, and to make a record for review. *Id.* at 305, 645 P.2d at 820.

71

The state argues and the majority agrees that petitioner has failed to cite specific instances of ineffectiveness *caused by* his counsel's intoxicated condition. This conclusion is based upon a lack of findings relating to petitioner's State Bar complaint. Yet, as the record reveals, no such findings were ever made since petitioner was not afforded the opportunity to present the merits of his complaint in the State Bar proceedings as a result of his former counsel's Agreement For Discipline By Consent. Thus, the majority's resolution is based upon the May 19, 1982, State Bar findings which were made *before* petitioner even filed his complaint. Nor do I believe that petitioner should be penalized by his former counsel's decision to admit to the previous pending charges and consent to discipline which, under the agreement, had the effect of *precluding determination* of petitioner's own pending allegations of misconduct and ineffectiveness.

The petitioner's complaint before the state bar was specific and in depth, describing numerous instances of ineffectiveness which may be related to counsel's alleged state of intoxication during trial. Additionally, petitioner submitted an affidavit of his trial counsel's former secretary which attested to, among other things, counsel's "severe drinking problem" during petitioner's extensive trial. Taking these contentions as true in the context of whether a "colorable claim" has been presented, I firmly conclude that a colorable claim has been established entitling petitioner to an evidentiary hearing on his heretofore undetermined claims.

Accordingly, I respectfully dissent.

NOTE: The Honorable RUDOLPH J. GERBER, Maricopa County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. Art. VI, § 3.