750 P.2d 14

STATE of Arizona, Appellee,

v.

William Rocco D'AMBROSIO, Appellant.

No. CR–86–0370–PR.

Supreme Court of Arizona, En Banc.

Feb. 4, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Paul J. McMurdie, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Former Maricopa County Public Defender, Dean Trebesch, Maricopa County Public Defender by Charles Krull and James H. Kemper, Deputy Maricopa County Public Defenders, Phoenix, for appellant.

MOELLER, Justice.

## BACKGROUND FACTS AND ISSUE

In January 1981, William Rocco D'Ambrosio was indicted for conspiracy and theft by false pretenses. He retained counsel to defend him. At that time, his counsel was a member in good standing of the State Bar of Arizona. Following a jury trial, D'Ambrosio was convicted and sentenced to eight to ten years on the conspiracy count and twenty to twenty-four years on the theft by false pretenses count. Counsel appealed D'Ambrosio's case to the court of appeals in August 1981.

Before the court of appeals could issue a decision in the case, this court suspended D'Ambrosio's trial counsel from the practice of law, and a new lawyer was assigned to represent D'Ambrosio on appeal. Counsel's suspension came about because there were several complaints filed against him with the State Bar, some of which had been processed, resulting in certain findings. Prior to the suspension, D'Ambrosio had himself filed a complaint against his counsel with the State Bar, but it had not been processed. To resolve all the complaints against him, D'Ambrosio's trial counsel and the State Bar entered into an agreement, part of which was that the D'Ambrosio complaint would not be further processed but would, instead, be "administratively closed." Based upon this agreement, this court suspended counsel from the practice of law.

D'Ambrosio's new appellate counsel supplemented the brief that had already been filed with the court of appeals. One of the new contentions was the alleged ineffective assistance of counsel at trial. In support of that contention, D'Ambrosio asserted that his counsel was frequently unintelligible at trial and that he had admitted certain allegations D'Ambrosio had made against him before the State Bar.

On March 20, 1984, the court of appeals issued its memorandum decision in D'Ambrosio's appeal. In that decision, the court stated that its review of the trial transcript failed to show that counsel's trial performance had fallen below minimal competence. Concerning counsel's alleged admissions during the State Bar proceedings, the court noted that no findings by the State Bar were part of the appellate record and, further, that any such findings would be confidential. The court concluded:

> If counsel for appellant made statements concerning the trial of this case in the State Bar proceedings, the matter should be developed in a petition for post-conviction relief filed pursuant to Rule 32. Should such a petition be filed, the provisions of Rule 32.2 regarding preclusion shall not be applicable.

*State v. D'Ambrosio*, No. 1 CA–CR 5549, memo. dec. at 36 (Ariz.App. Mar. 20, 1984). The court of appeals affirmed D'Ambrosio's convictions and sentences.

D'Ambrosio then filed, in propria persona, a petition in the trial court for post-conviction relief pursuant to Rule 32, Arizona

Rules of Criminal Procedure. Counsel was then appointed to represent D'Ambrosio, and his counsel filed supplemental pleadings. A number of grounds for relief were alleged, one of them being the alleged ineffectiveness of trial counsel. It was alleged that trial counsel was under the influence of alcohol and was ineffective during much of the time he was representing D'Ambrosio, and that his trial preparation and performance fell below the minimal competence level required by *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985). Submitted with the petition were D'Ambrosio's allegations against his counsel in the bar proceedings and his counsel's admissions to them. An affidavit of counsel's former secretary was submitted attesting to counsel's heavy consumption of alcohol throughout the time he represented D'Ambrosio and his practice of consuming a minimum of five drinks during each noon recess of D'Ambrosio's three-week-long trial. That affidavit also stated that although counsel had his secretary stay up late at night during the trial to prepare daily transcripts, the transcripts remained in counsel's car trunk, unused, during non-court hours.

The trial court summarily dismissed D'Ambrosio's Rule 32 petition without an evidentiary hearing. Addressing the allegations of ineffective assistance of counsel contained in D'Ambrosio's bar complaint, the trial court held "that each issue could have been raised on the appeal filed herein and in default thereof, Petitioner is precluded from relief under Rule 32.2 of the Rules of Criminal Procedure."

D'Ambrosio appealed. The court of appeals unanimously held that the trial court had erred in applying the doctrine of preclusion, since its 1984 memorandum decision had expressly provided that the claim would not be precluded. A majority of the court then went on, however, to hold that D'Ambrosio had failed "to *allege* specific instances of ineffectiveness," and thus his petition was "subject to summary denial for failing to present a colorable claim." *State v. D'Ambrosio*, 156 Ariz. 65, 69, 750 P.2d 8, 12 (App.1986).

Judge Contreras dissented from the court's holding that the petition failed to present a colorable claim. In his view, D'Ambrosio adequately alleged a claim entitling him to an "evidentiary hearing on the merits of petitioner's claim relating to his counsel's alleged intoxication and its effect upon his representation at trial." *D'Ambrosio*, 156 Ariz. at 69, 750 P.2d at 12 (Contreras, J., dissenting).

D'Ambrosio petitioned this court for review of the court of appeals' decision. There was no cross-petition so no issue of preclusion is presented. The sole issue on review is whether D'Ambrosio's petition presented a "colorable claim" entitling him to an evidentiary hearing. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

## HAS A COLORABLE CLAIM BEEN PRESENTED?

■ Under Rule 32, a defendant is entitled to an evidentiary hearing if his petition for post-conviction relief presents a colorable claim, that is, "a claim which if his allegations are true might have changed the outcome." *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court. *State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983). The trial court must be mindful, however, that when doubt exists, "a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review." *Schrock*, 149 Ariz. at 441, 719 P.2d at 1057.

■ The majority of the court of appeals held, and we agree, that intoxication or alcoholism of counsel, standing alone, does not establish a per se violation of a criminal defendant's right to receive effective assistance of counsel. In order to prove a claim of ineffectiveness of counsel, there must be a showing that, because of the intoxication or alcoholism, counsel acted or failed to act in a manner which deprived the client of his right to effective assistance of counsel. *See Common-*

**74**

*wealth v. Burton,* 491 Pa. 13, 21, 417 A.2d 611, 615 (1980).

■ After properly rejecting the argument for application of a per se rule, the majority of the court of appeals went on to hold that the petition and exhibits in this case did not adequately allege any causal connection between counsel's drinking and his allegedly ineffective representation. However, on this point, we find ourselves in agreement with the following analysis of the allegations of the petition, which was made by dissenting Judge Contreras:

> The petitioner's complaint before the State Bar was specific and in depth, describing numerous instances of ineffectiveness which may be related to counsel's alleged state of intoxication during trial. Additionally, petitioner submitted an affidavit of his trial counsel's former secretary which attested to, among other things, counsel's "severe drinking problem" during petitioner's extensive trial. Taking these contentions as true in the context of whether a "colorable claim" has been presented, I firmly conclude that a colorable claim has been established entitling petitioner to an evidentiary hearing on his heretofore undetermined claims.

*D'Ambrosio,* 156 Ariz. at 74, 750 P.2d at 17.

Like Judge Contreras, we conclude that the petition adequately alleged a colorable claim.

### DISPOSITION

That portion of the court of appeals' opinion holding that the petition for postconviction relief failed to present a colorable claim is vacated. This case is remanded to superior court for an evidentiary hearing in accordance with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.