NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

GEORGE SOTO, *Petitioner.*

No. 1 CA-CR 12-0221 PRPC
FILED 03/11/2014

Petition for Review from the Superior Court in Maricopa County
Nos.  CR2005-011607-001; CR2005-115961-001; CR2006-006229-001;
CR2006-106964-001 & CR2007-006196-041
The Honorable Andrew G. Klein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch

*Counsel for Respondent*

Gail Gianasi Natale, Phoenix

*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**T H O M P S O N,** Judge:

¶1         Petitioner George Soto seeks review of the trial court's summary dismissal of his petition for post-conviction relief.  We review the summary dismissal of a petition for post-conviction relief for abuse of discretion.  *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990) (citations omitted).  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶2         Soto was indicted in five separate cases for assorted criminal activities between December 2004 and April 2006.  Soto resolved four of the cases by guilty pleas and was found guilty of multiple charges in the fifth case following trial.  At a consolidated sentencing hearing on April 30, 2007, the trial court imposed concurrent prison terms in all five matters, the longest being twenty-two years.

¶3         Soto's convictions and sentences on the charges that went to trial were affirmed on appeal.  *State v. Soto*, 1 CA-CR 07-0447 & 1 CA-CR 07-0866 (consolidated) (Ariz. App. Mar. 17, 2009) (mem. decision).  His first Rule 32 petition for post-conviction relief filed with respect to the four

cases resolved by guilty pleas was summarily denied on December 4, 2008. Soto did not seek review of the dismissal of that Rule 32 proceeding.

¶4        On August 29, 2011, Soto filed the petition for post-conviction relief presently before the court raising claims of newly discovered evidence and ineffective assistance of counsel in all five cases centered on an allegation that he had recently discovered that he suffers from post-traumatic stress disorder (PTSD). Soto alleged that his PTSD was the result of a gunshot wound to the head that predates the incidents giving rises to the charges against him and that his counsel failed to raise -- or even acknowledge -- his mental and psychological impairments. In support of his petition, Soto submitted a medical records analysis prepared by a psychiatric R.N.

¶5        The trial court summarily dismissed the petition based on a finding that it failed to present colorable claims of either newly discovered evidence or ineffective assistance of counsel. In explaining its ruling, the trial court observed that the psychiatric R.N. drew no conclusion of how the PTSD could have affected Soto's cases but instead stated merely that there is not enough information in the chart to make any conclusion about whether his mental impairments affected his ability to cooperate with counsel or to understand court processes. The trial court further noted that the petition presented mere speculation on Soto's part that but for

counsel's failure to investigate his mental problems, the outcome would have been different.

¶6          In his petition for review, Soto repeats the arguments made below and argues the trial court abused its discretion in dismissing his petition without granting an evidentiary hearing. We disagree. In a thorough, well-reasoned minute entry, the trial court identified the claims Soto raised and resolved them correctly and in a manner permitting this court to review and determine the propriety of that order. *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). The trial court acted within its discretion in concluding that the claims raised were not colorable. *See State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988) ("A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court.") (citation omitted). No purpose would be served by repeating the court's ruling in its entirety, and we therefore adopt it. *See Whipple*, 177 Ariz. at 274, 866 P.2d at 1360.

¶7          Because Soto failed to present a colorable claim for relief, the trial court did not abuse its discretion when it summarily dismissed his petitioner for post-conviction relief.

¶8          We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh