NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALEX OSUNA, *Petitioner*.

Nos. 1 CA-CR 13-0340 PRPC

FILED 12-15-2015

Appeal from the Superior Court in Yuma County
No. S1400CR200901226
The Honorable Lisa W. Bleich, Judge Pro Tempore

**REVIEW GRANTED;**
**RELIEF GRANTED IN PART AND DENIED IN PART**

COUNSEL

Yuma County Attorney's Office, Yuma
By Charles V. S. Platt
*Counsel for Respondent*

Sharmila Roy, Laveen
*Counsel for Petitioner*

———————————————

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

———————————————

**H O W E**, Judge:

**¶1**        Petitioner Alex Osuna petitions this court for review from the summary dismissal of two petitions for post-conviction relief he filed in two separate matters, which we have consolidated for review. We have considered the petitions and for the following reasons grant review and grant relief in part and deny relief in part.

**¶2**        In the first case ("the assault case"), a jury convicted Osuna of aggravated assault, and the trial court sentenced him to the minimum term of five years' imprisonment. We affirmed his conviction and sentence on direct appeal. In the second case ("the robbery case"), Osuna pled guilty to attempted armed robbery, and the trial court sentenced him to a mitigated, consecutive term of five years' imprisonment as stipulated in the plea agreement. Osuna filed petitions for post-conviction relief in both cases and raised claims of ineffective assistance of counsel. The trial court found Osuna failed to present colorable claims for relief and summarily dismissed each petition.[1]  Osuna now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and A.R.S. § 13–4239(C).

---

[1]      The State argues that Osuna failed to preserve some of these issues for post-conviction consideration because he could have raised them while his cases were still pending. The State further contends that Osuna's failure to file replies to the State's responses to the petitions for post-conviction relief and petitions for review renders the State's responses dispositive on all the issues presented. But no provision of Arizona law requires that a defendant raise claims of ineffective assistance of counsel while the matter is pending in the superior court to preserve those claims for future post-conviction relief proceedings or that a defendant file a reply to a response.

## 1. The Assault Case

¶3        In the assault case, Osuna argues that his trial counsel was ineffective in failing to inform him of the deadline to accept the State's plea offer and in failing to call two witnesses to testify at trial. "A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court." *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988); *State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Reasonable probability is defined as less than more likely than not, but more than a mere possibility." *State v. Vickers*, 180 Ariz. 521, 527, 885 P.2d 1086, 1092 (1994) (internal quotation marks and citation omitted). If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985). The petitioner has the burden to show ineffective assistance of counsel, and "the showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268 ¶ 23, 987 P.2d 226, 230 (App. 1999).

## 1a. The Deadline to Accept the Plea Offer

¶4        In October 2009, the State offered to let Osuna plead guilty to attempted aggravated assault as a non-dangerous, non-repetitive offense. The State made no offer regarding sentencing, which meant that the trial court could sentence Osuna to a sentence that ranged from the minimum of 0.75 years to the maximum of two years' imprisonment should Osuna accept the plea. Probation was also available. At that time, the State provided no deadline to accept the plea. In February 2010, however, the State informed Osuna's counsel that the offer would expire if Osuna did not accept before March 5, 2010. Osuna concedes that he knew about the plea offer, but argues that he did not learn of the deadline until he attempted to accept the offer and his attorney told him that it had expired. Osuna argues that his counsel was ineffective in failing to inform him of the deadline to accept the plea.

¶5          The rejection or lapse of a plea offer due to counsel's deficient performance is a cognizable claim of ineffective assistance of counsel. *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1409 (2012). "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Id.* Defendants must also demonstrate a reasonable probability that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Id.* To establish prejudice in this instance, defendants must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.*

¶6          A colorable claim in a petition for post-conviction relief is one that, if the allegations are true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993). If a petition for post-conviction relief presents a colorable claim of ineffective assistance of counsel, the petitioner is entitled to an evidentiary hearing. *D'Ambrosio*, 156 Ariz. at 74, 750 P.2d at 17. Osuna presented a colorable claim that counsel was ineffective in failing to inform him of the deadline to accept the plea. Nothing in the record establishes that counsel informed Osuna of the deadline or that Osuna otherwise knew of it. Further, the State's representations regarding the record to prove the contrary offer only speculation. While the State complains that Osuna asks only for reinstatement of the plea and/or a new trial, both are appropriate remedies when counsel's deficiency caused the rejection or lapse of a plea offer. *State v. Donald*, 198 Ariz. 406, 418 ¶ 45, 10 P.3d 1193, 1205 (App. 2000). We express no opinion, however, on whether Osuna is ultimately entitled to either or any other form of relief. We find only that he presented a colorable claim and therefore grant relief on this issue.

**1b. The Trial Witnesses**

¶7          Osuna further argues that counsel was ineffective in failing to call witnesses "P" and "M" to testify at trial. P provided an affidavit in which he stated he was in the vehicle with Osuna at the time of the incident and that Osuna was neither the person who argued with the victim nor the person who threw the object that struck the victim. P further stated that he provided this information to Osuna's counsel and informed counsel he was willing to testify at trial. M provided an affidavit in which he stated he was also in the vehicle with Osuna at the time of the incident and that Osuna

was not the person who threw the object that struck the victim. M further stated that he was present when police arrived at Osuna's mother's residence in search of Osuna. M stated that contrary to police allegations, Osuna was neither at the residence nor was he the person in the residence who fled from police. Finally, M stated that he provided this information to Osuna's counsel and informed counsel he was willing to testify at trial.

¶8        Osuna presented a colorable claim that defense counsel was ineffective in failing to call P and/or M to testify at trial, but only in the context of whether Osuna was the person who threw the object that struck the victim. Both individuals stated in affidavits that Osuna was not the person who threw the object, that they provided this information to Osuna's counsel, and that they were willing to testify. This was exculpatory information that could have resulted in an acquittal had the jury chosen to believe P and/or M's testimony. Again, we express no opinion on whether Osuna is ultimately entitled to relief and find only that he presented a colorable claim.

¶9        While the State argues that Osuna's counsel made a "tactical" decision not to call M at trial, the State failed to ensure the transcripts it relies upon were made part of the record on review in either case before us. If we assume the State's quoted portions of the transcripts are correct, however, the discussion between Osuna's counsel and the trial court regarding M serve only to further demonstrate that Osuna presented a colorable claim. Osuna complained during trial that his counsel would not call M as well as other witnesses to testify. Counsel explained that he made a tactical decision not to call those witnesses, including M. When he explained his tactical decision regarding M, however, counsel stated that "up until maybe a day or so before trial started, [he] had no idea [M] would be relevant to this case[]" and claimed that no one informed him that M had any relevant information. Counsel also stated that once he learned M might have relevant information, it was too late to contact M and too late to disclose M to the State. Counsel further claimed that Osuna and his family informed counsel that M would not be available for trial.[2] When the court asked Osuna to respond to counsel's representations, Osuna stated they were "false." This further supports the determination that Osuna presented a colorable claim for relief.

---

2        Defense counsel never mentioned P by name, and nothing in the State's representations of the record exists to establish that any witness counsel referred to was P.

¶10	We deny relief, however, on the claim that counsel was ineffective in failing to call M to testify on the specific subject of whether Osuna was in the residence when police arrived and/or whether he was the person who successfully fled. On direct appeal, we found no error when the trial court held that M's testimony on this subject would have been cumulative. Because the testimony would have been cumulative, Osuna has failed to present a colorable claim that he suffered any prejudice.

## 2. The Robbery Case

¶11	In the robbery case, the State made an offer in which Osuna would plead guilty to attempted armed robbery with no agreements with regards to sentencing. This exposed Osuna to a sentence that ranged from the minimum of 2.5 years to the maximum of seven years' imprisonment with no agreement on whether the sentence would run concurrent with or consecutive to the sentence in the assault case. Probation remained available. The State provided no deadline to accept the offer at that time. The State later informed Osuna's counsel that the offer would expire if Osuna did not accept it before a specific date. Osuna claims his counsel never informed him of the first offer let alone the deadline to accept it. The State later made a second offer in which Osuna would plead guilty to attempted armed robbery and receive a stipulated sentence of five years' imprisonment, to be served consecutively to his sentence in the assault case. Osuna ultimately accepted the second offer. When the trial court imposed sentence, the court ordered the sentence to run consecutively to the sentence in the assault case.

¶12	Osuna argues that his trial counsel in the robbery case was ineffective in failing to inform him of the first plea offer and that counsel's ineffectiveness forced him to accept a "worse" offer. We deny relief. Osuna has failed to show a reasonable probability that the end result of the robbery case would have been more favorable if he knew of and accepted the first plea offer. *See Frye*, ___ U.S. at ___, 132 S. Ct. at 1409 (to prove prejudice when counsel's deficient performance results in the lapse of a plea, a defendant must show "a reasonable probability" that the defendant would have pled to a lesser charge or received a sentence of less prison time). The first plea offer exposed Osuna to up to seven years' imprisonment, which the court could have made consecutive to the sentence in the assault case. The offer he ultimately accepted limited his exposure to a five-year sentence. That the trial court would have imposed a sentence of less than five years and/or ordered Osuna to serve the sentence concurrently with the sentence in the assault case if Osuna had accepted the first offer is speculation, not "a reasonable probability." "Mere speculation" is not

sufficient to prove ineffective assistance of counsel. *Rosario*, 195 Ariz. at 268 ¶ 23, 987 P. 2d at 230.

### 3. Conclusion

**¶13**          For the foregoing reasons, Osuna presented colorable claims that his trial counsel was ineffective in failing to inform him of the deadline to accept the plea offer in the assault case and in failing to call P or M to testify about whether Osuna was the person who threw the object at the victim in the assault case. We grant review and relief on those claims and remand for proceedings consistent with this decision. We grant review, but deny relief on all of the remaining claims.



Ruth A. Willingham · Clerk of the Court
FILED: ama