NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL JOSHUA JOHNSON, *Petitioner*.

No. 1 CA-CR 14-0586 PRPC
FILED 11-10-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-162981-001
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**D O W N I E,** Judge:

¶1　　　　Michael Joshua Johnson petitions for review of the summary dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.　For the following reasons, we grant review and grant relief.

¶2　　　　Johnson was charged with two counts of forgery in Maricopa County Superior Court.　He was booked on those charges on December 14, 2011 and released on December 16, 2011.　While on release, Johnson was arrested on August 8, 2012 based on a charge out of Pima County.　Johnson was taken to Tucson, where he was held in custody on the new charge. After several attempts by the Maricopa County Superior Court to have Johnson transported back to Maricopa County for a change of plea hearing on the forgery charges, he was returned to Maricopa County on January 9, 2013 and appeared in court five days later, where he pleaded guilty to one count of forgery pursuant to a plea agreement.

¶3　　　　At sentencing on February 15, 2013, Johnson sought credit for 196 days of presentence incarceration, which included the time he was held in Pima County.　The superior court sentenced him to a presumptive two-and-a-half-year term of imprisonment and gave him credit for 40 days of presentence incarceration, consisting of the three days he was held in jail following his arrest in December 2011 and the 37 days he was held between being returned to Maricopa County and sentencing.

¶4　　　　Johnson commenced a timely Rule 32 proceeding.　In his petition for post-conviction relief, he alleged claims of an illegal sentence and of ineffective assistance of counsel.　His illegal sentence contention was based on the purported failure to give him full credit for presentence incarceration; the ineffective assistance of counsel claim was based on defense counsel's alleged failure to move to have his release status modified to reflect he was no longer out of custody following his arrest in Pima County.

¶5          The superior court summarily denied the petition, ruling Johnson was not entitled to additional credit because "[t]hough he was detained on the Pima County case, he never requested that his O.R. release on the Maricopa County case be revoked, so technically he was not 'in custody' on those charges." The court did not mention the ineffective assistance of counsel claim. This petition for review followed.

¶6          Johnson argues he is entitled to 196 days of presentence incarceration credit and also contends the superior court erred by not addressing his ineffective assistance of counsel claim. We review the summary dismissal of a post-conviction relief proceeding for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17 (2006).

¶7          Summary dismissal of a petition for post-conviction relief is appropriate if the court determines that no "claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). A colorable claim is one that, if true, might have changed the outcome. *State v. Runningeagle*, 176 Ariz. 59, 63 (1993). "A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court." *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). However, when doubt exists, "a hearing should be held to allow the defendant to raise the relevant issues, to resolve the matter, and to make a record for review." *State v. Schrock*, 149 Ariz. 433, 441 (1986).

¶8          A claim of ineffective assistance of counsel requires a defendant to show that his counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding the prejudice prong, the defendant must show that, but for counsel's deficient acts or omissions, the outcome of the case would have been different. *Id.* at 694; *see also State v. Schurz*, 176 Ariz. 46, 58 (1993).

¶9          Johnson alleged his counsel was deficient in failing to request that his release status be revoked in light of his arrest and ongoing detention in Pima County and contended no tactical or strategic reason supported such an omission. He further alleged he was prejudiced by this failure because it prevented him from receiving credit for presentence incarceration on the forgery charges.

¶10          Given the superior court's stated reason for denying relief on Johnson's illegal sentence claim and its failure to address the related

ineffective assistance of counsel claim, we conclude that the superior court erred by summarily denying relief. *See* Ariz. R. Crim. P. 32.6 (Allowing for summary dismissal only after determining "that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief."). We express no opinion regarding the merits of Johnson's claims, but remand this matter to the superior court for its consideration and determination of his claims.



AMY M. WOOD • Clerk of the Court
FILED:  AA