NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

CHARLES TAYLOR CROCKETT, *Petitioner*.

No. 1 CA-CR 14-0723 PRPC
FILED 1-26-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2011-006752-003
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED AND RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche and E. Catherine Leisch
*Counsel for Respondent*

Charles Taylor Crockett, San Luis
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

H O W E, Judge:

¶1        Charles Taylor Crockett petitions this Court for review from the summary dismissal of his petition for post-conviction relief. A jury convicted Crockett of seven felonies and two misdemeanors based on his participation in a home invasion. This Court affirmed his convictions and sentences on direct appeal. Crockett later petitioned for post-conviction relief, arguing that his trial counsel was ineffective for failing to move to sever a charge of misconduct involving weapons from the remaining charges and for failing to strike two prospective jurors, both of whom ultimately served on the jury. The trial court concluded that Crockett failed to state a colorable claim and summarily denied relief and dismissed the petition.

¶2        A defendant who presents a colorable claim of ineffective assistance of counsel is entitled to an evidentiary hearing. *State v. D'Ambrosio*, 156 Ariz. 71, 74, 750 P.2d 14, 17 (1988). "The relevant inquiry for determining whether the petitioner is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would *probably* have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11, 368 P.3d 925, 928 (2016). We deny relief because Crockett has failed to allege any facts that would probably have changed the verdicts.

¶3        First, a defendant suffers no prejudice from a failure to sever if the trial court instructs the jury to consider each offense separately. *State v. Johnson*, 212 Ariz. 425, 430 ¶ 13, 133 P.3d 735, 740 (2006). Here, the trial court instructed the jury to decide each count separately based on the evidence and law applicable to that count and to do so uninfluenced by its decision on any other count. We presume that juries follow their instructions. *State v. Dunlap*, 187 Ariz. 441, 461, 930 P.2d 518, 538 (App. 1996). Further, the trial court sanitized the evidence of Crockett's prior convictions so that the jury knew only that he had two prior convictions for unknown felonies, and the State made only a brief reference to the charge of misconduct involving weapons and the supporting evidence in its closing argument.

**¶4** Regarding the failure to strike the two prospective jurors, one of those jurors informed the court that although it stated that jurors should not show emotion, she was a very emotional person who cried "all the time." The juror further explained, however, that while she might cry, it would not affect her decision making and that she could listen to the evidence and base her decision on the facts, not emotions. Additionally, although the other prospective juror's elderly aunt was the victim of a home invasion in another state sixteen years before, the juror assured the court that this would have no effect on his ability to be fair and impartial. Crockett offers only speculation that the two prospective jurors could not be or were not ultimately fair and impartial jurors who rendered their decisions based solely on the evidence admitted at trial. Mere speculation does not suffice to establish a colorable claim. *State v. Rosario*, 195 Ariz. 264, 268 ¶ 23, 987 P.2d 226, 230 (App. 1999).

**¶5** For the foregoing reasons, we grant review but deny relief.

