NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDGAR DANIEL CONTRERAS, *Petitioner*.

No. 1 CA-CR 16-0143 PRPC
FILED 10-17-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2014-116154-001
The Honorable Alfred M. Fenzel, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Edgar Daniel Contreras, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O H N S E N**, Judge:

¶1        Edgar Daniel Contreras petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Contreras pled guilty to conspiracy to commit possession of dangerous drugs for sale.  Pursuant to his plea agreement, the superior court imposed a 10-year prison sentence.  Contreras timely filed a notice of post-conviction relief, claiming ineffective assistance of counsel ("IAC"), arguing his lawyer was ineffective for failing to move to suppress evidence police discovered during a warrantless search of Contreras's home.  The superior court summarily denied relief.  This timely petition for review followed.

¶3        Contreras argues his conviction should be reversed or, alternatively, that he is entitled to an evidentiary hearing.  Contreras outlines the circumstances of the search and argues the search violated his rights under the Fourth Amendment to the United States Constitution and his rights under the Arizona Constitution.

¶4        A Rule 32 petitioner is entitled to an evidentiary hearing if he or she presents a colorable claim. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31 (2012).  The superior court, however, need not conduct an evidentiary hearing based on mere generalizations and unsubstantiated claims of IAC. *State v. Borbon*, 146 Ariz. 392, 399 (1985).

¶5        To state a colorable claim of ineffective assistance, Contreras was required to "offer some demonstration that the attorney's representation fell below that of the prevailing objective standards . . . [and] some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999); *see also* Ariz. R. Crim. P. 32.5 (requiring petitioner to file "[a]ffidavits, records, or other evidence currently available to the defendant supporting the allegations").

¶6        With his petition, Contreras filed an investigator's report, created after a review of police reports, that the search was "questionable since no exigent circumstances were expressed or evident at the time." Responding to his petition, the State pointed out that, contrary to the conclusion of the investigator, officers called to Contreras's home to investigate a report of domestic violence watched through a window as

Contreras and a woman appeared to be trying to hide unknown items or move them from one room to another. After Contreras ran from the home and the woman came outside, the woman told officers that her two children, ages two and seven months, remained in the home. In response to his petition, the State argued that at that point, officers were justified in entering the house to check on the welfare of the children and to confirm that no one else remained at risk in the home. When they entered the home to check on the children, they observed a strong smell of marijuana and saw contraband, including marijuana, pills and many electronic items (and car tires) they suspected were stolen. Under a couch cushion, they found a handgun where they had seen the woman attempt to hide something. The State argued that the officers' initial sweep of the residence was valid under the "emergency aid" exception to the warrant requirement, based on the presence of the very young children in the home and the possibility that the perpetrator of the domestic violence still might be inside. *See State v. Bennett*, 237 Ariz. 356, 358-59, ¶ 9 (App. 2015). The State also argued that the inevitable discovery doctrine applied because a preponderance of the evidence would establish that a lawful warrant could have been obtained based on what officers had seen through the window and their discovery of methamphetamine in a hoodie that Contreras left behind in the yard when he dashed away. *See State v. Davolt*, 207 Ariz. 191, 204-05, ¶¶ 35-38 (2004).

¶7        Based on the evidence in the record, the superior court did not abuse its discretion in summarily denying relief to Contreras. *See State v. Febles,* 210 Ariz. 589, 595, ¶ 18 (App. 2005) (to raise colorable claim and avoid summary dismissal of petition, defendant must establish, *inter alia*, counsel's performance was objectively unreasonable based on applicable professional standards); *State v. Donald,* 198 Ariz. 406, 414, ¶ 21 (App. 2000) (to warrant evidentiary hearing, Rule 32 claim "must consist of more than conclusory assertions").

¶8        For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA