NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM PAUL ANDERSON, *Petitioner*.

No. 1 CA-CR 15-0237 PRPC
FILED 2-7-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2009-177665-001
CR2011-146770-001
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED IN PART, GRANTED IN PART**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

William Paul Anderson, Douglas
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen, Judge Margaret H. Downie and Judge James P. Beene delivered the decision of the court.

_____

**PER CURIAM**:

¶1             William Paul Anderson petitions this court for review from the summary dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review, deny relief in part and grant relief in part.

¶2             Anderson filed a pro se consolidated petition for post-conviction relief of-right in two cases.  In the "2009 case," Anderson pled guilty to aggravated driving under the influence.  The superior court sentenced Anderson to a stipulated term of four months' imprisonment and credited him with 226 days of presentence incarceration.  The court also imposed a stipulated term of five years' probation.  In the "2011 case," Anderson pled guilty to aggravated assault, and the court sentenced him to a stipulated term of ten years' imprisonment.  Pursuant to the plea agreements, the court ordered the sentences in both cases to run concurrently.

¶3             In his petition for review, Anderson argues his lawyer was ineffective.  Anderson argues the State made a more favorable plea offer of eight years' imprisonment in the 2011 case at the initial pretrial conference.  The eight-year offer was good for that day only.  Anderson contends his lawyer was ineffective because she failed to explain to him the range of sentence he faced if he rejected the offer and lost at trial and because she failed to explain any of the risks and benefits of rejecting or accepting the offer.  Anderson argues the lawyer simply showed him the offer at the pretrial conference and asked him if he wanted to accept it without any further explanation.  Anderson asserts he would have accepted the more favorable offer at that time if the lawyer had explained the risks and benefits of rejecting the plea and the term of imprisonment he faced if he lost at trial.

¶4             To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To show

prejudice, a defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶5 A defendant's rejection of a favorable plea offer due to counsel's failure to give accurate advice about the relative merits and risks of the offer compared to going to trial is a cognizable claim of ineffective assistance. *State v. Donald*, 198 Ariz. 406, 413, ¶ 14 (App. 2000). As explained by the Supreme Court:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 133, 143 (2012).

¶6 Anderson has presented a colorable claim of ineffective assistance in the 2011 case: That he rejected the earlier, more favorable plea offer because counsel failed to advise him of the relative merits and risks of the offer compared to going to trial and the range of sentence he faced if he lost at trial. Indeed, Anderson presented a colorable claim that counsel failed to give him any information upon which to base a decision. He has also presented a colorable claim that he would have accepted the more favorable offer, but for counsel's alleged failures. A defendant who presents a colorable claim for relief is entitled to an evidentiary hearing. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988).

¶7 The superior court concluded, and the State asserts in its response, that the end result of the earlier plea offer would not have been more favorable to Anderson. The State argues it would have withdrawn

the more favorable offer before the court accepted it because the State later learned the injuries sustained by a different victim in another count were more severe than first believed. The State argues that, as the superior court found, the State could and would have withdrawn the earlier offer because it was made during the "RCC [Regional Court Center]" and/or "preliminary hearing stage" of the proceedings, and even if Anderson had indicated a desire to accept the plea, the court would have deferred acceptance of the plea until a later time, ostensibly after the State would have learned of the victim's injuries. The record on review, however, does not clearly establish this. The court arraigned Anderson on September 26, 2011. Anderson alleges the State made the more favorable offer two months later, on November 29, 2011, at the initial pretrial conference. There is nothing in the record on review to establish the court would not have accepted the plea before the State developed any inclination to withdraw from the plea.

¶8            We deny relief in the 2009 case because Anderson does not argue his lawyer's alleged ineffectiveness had any effect on his conviction or sentence in that case. Further, we do not consider the other issues Anderson presents in his petition for review because he did not raise those issues in the petition he filed in the superior court. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577-78 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). *See also State v. Smith*, 184 Ariz. 456, 459 (1996); *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007) (no review for fundamental error in a post-conviction relief proceeding). Nor do we consider the issues Anderson raises for the first time in his reply in this court. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000). Finally, Anderson directs us to no authority that required the superior court to address the additional issues he raised for the first time in his motion for reconsideration.[1]

---

[1]        The State argues that Anderson also failed to file his petition for review in this court by the deadline ordered by the superior court. Anderson argues in his reply that he submitted the petition to correctional authorities for mailing before the deadline, but he provides no receipt. In the interest of judicial economy, we decline to remand this matter for proceedings to determine when Anderson submitted the petition for mailing.

**¶9**            We grant review and deny relief in the 2009 case.  We grant relief in the 2011 case and remand for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA