OPINION

PELANDER, Chief Judge.
¶ 1 After a jury trial, petitioner Rachel Marie Vallejo was convicted of aggravated assault with a dangerous instrument, a barbell. The trial court sentenced her to a mitigated, five-year prison term. After counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969); and State v. Clark, 196 Ariz. 530, 2 P.3d 89 (App.1999), this court affirmed the conviction and the sentence imposed. State v. Vallejo, No. 2 CA-CR 2004-0291 (memorandum decision filed Aug. 31, 2005).[1] In this petition for review, Vallejo challenges the trial court’s order dismissing without an evidentiary hearing Vallejo’s petition for post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S. In the petition below, she claimed trial counsel had been ineffective because she had not asked Vallejo why she twice had refused a plea offer that required her to admit she had used a barbell to assault the victim and in failing to ask the prosecutor whether a plea offer to a different offense — aggravated assault causing temporary but substantial disfigurement — was available.
¶ 2 We review a trial court’s order dismissing a petition for post-conviction relief without an evidentiary hearing for an abuse of discretion. State v. Bennett, 213 Ariz. 562, ¶ 17,146 P.3d 63, 67 (2006). “An error of law committed in reaching a discretionary conclusion may, however, constitute an abuse of discretion.” State v. Wall, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006).
¶ 3 Vallejo’s request for relief was based, to a large degree, on State v. Donald, 198 Ariz. 406, 10 P.3d 1193 (App.2000), and State v. Jackson, 209 Ariz. 13, 97 P.3d 113 (App. 2004). In Donald, Division One of this court held a trial court may compel the state to reinstate a plea agreement it previously offered if the defendant had rejected it because counsel had failed to adequately inform the defendant of the terms of the plea offer and the relative merits of that offer when compared to proceeding to trial. 198 Ariz. 406, ¶¶ 14, 44,10 P.3d at 1200,1205.
¶4 In Jackson, the defendant contended “that trial counsel was ineffective in failing to explore the possibility of a plea offer.” 209 Ariz. 13, ¶ 3, 97 P.3d at 114. This court concluded that, even if Jackson’s factual assertions were assumed to be true and the state had offered a plea agreement early in the case, his claim based on Donald was not colorable; it was based on the assertion that counsel had been ineffective for not resuming “plea negotiations on the eve of trial,” not on counsel’s having given Jackson bad advice. 209 Ariz. 13, ¶ 7, 97 P.3d at 116. Although this court examined Donald, we did so with the express caveat that “nothing in this decision should be read to mean this court adopts or approves of Donald.” Id. n. 6. This court concluded:
The constitutional principles underlying Donald come into play only when a concrete plea offer has been made by the state, and we decline Jackson’s request, unsupported by authority, to extend Donald’s reach to include a defense counsel’s failure to investigate the speculative possibilities of a potential plea offer, the very existence of which is contested.
Id. ¶ 11. Finally, we noted the paucity of support for the notion that counsel may be *195 found to have been ineffective for “faffing to seek a plea agreement.” Id. n. 5. We added, however, that “[w]e ... do not reach the broader question of whether a defendant can ever establish an ineffective-assistance-of-counsel claim predicated on counsel’s failure to seek a plea agreement when, unlike here, the defendant can show prejudice.” Id.
¶ 5 Vallejo rejected the state’s plea offers twice. Both times, the offer and rejection were stated on the record, and the court questioned Vallejo about the plea offer and the prison term she could be facing. The court dismissed before trial the charge of aggravated assault causing temporary but substantial disfigurement, and the jury found Vallejo guilty of aggravated assault with a dangerous instrument. In her post-conviction petition, Vallejo maintained trial counsel should have questioned her about her reasons for rejecting the state’s plea offers, arguing had she done so, counsel would have learned Vallejo could not plead guilty to the offenses because she insisted she had not used a barbell to assault the victim.[2] Vallejo argued counsel also would have learned that Vallejo would have pled guilty to assault causing temporary but substantial disfigurement and attached an affidavit by William Feldhacker, the former prosecutor, in which he stated, “[h]ad defense counsel made a counter-offer to Aggravated Assault, temporary but substantial disfigurement, a class four felony, ... [he] would have accepted it.” And, he added, had defense counsel asked, he would have considered offering a plea to an offense less serious than a class four felony.
¶ 6 In a thorough, well-reasoned discussion of the relevant case law, the trial court denied relief. Noting the question this court had refused to directly address in Jackson, the trial court refused to extend Donald “to plea offers that were not actually extended to a defendant.” The court further found that the affidavit of the former prosecutor was not definitive evidence that such a plea offer would have been available, noting the state did not concede that fact. Therefore, the court found, Vallejo had not established she had been prejudiced. See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984) (to establish claim of ineffective assistance of counsel, defendant must show not only that counsel’s performance was deficient, but that it was prejudicial); State v. Nash, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985) (same).[3]
¶ 7 On review, Vallejo maintains we should now address the question we did not reach in Jackson. But, based on what we did conclude in Jackson, we cannot say the trial court erred in denying relief here. Jackson and its underpinnings support the trial court’s determination that Donald, even if correctly decided, should not be broadened to establish a colorable ineffective assistance of counsel claim under the circumstances of this case. As we stated in Jackson, “[t]he constitutional principles underlying Donald come into play only when a concrete plea offer has been made by the state.” 209 Ariz. 13, ¶ 11, 97 P.3d at 117. The only plea offer the state actually made in this case was twice rejected by Vallejo. The nonexistent plea offer that Vallejo now asserts she would have accepted, had it been made, was never extended or even considered by the state before trial. As in Jackson, under these circumstances we again refuse “to extend Donald’s reach to include a defense counsel’s failure to investigate the speculative possibilities of a potential plea offer.” Id.
V8 We note, too, that on review, Vallejo attempts to distinguish Division One’s decision in State ex rel. Thomas v. Rayes, 213 Ariz. 326, n. 7, 141 P.3d 806, 814 n. 7 (App. 2006), in which a different panel of judges of that court disagreed with Donald insofar as it stands for the proposition that a trial court may compel the state to reinstate a plea *196 offer. But a petition for review was filed in Rayes, and our supreme court recently vacated Division One’s decision. State ex rel. Thomas v. Rayes, 214 Ariz. 411, ¶21, 153 P.3d 1040, 1044 (2007). Nothing in the supreme court’s decision affects the continued vitality of Jackson, nor does it alter our decision in this case that the trial court did not abuse its discretion by denying Vallejo post-conviction relief.
¶ 9 We grant the petition for review, but we deny relief for the reasons stated herein.
CONCURRING: GARYE L. VÁSQUEZ, Judge.

. As arguable issues, counsel suggested the trial court abused its discretion by denying Vallejo’s motion to strike a prospective juror for cause and her motion for judgment of acquittal made on the ground that there had been no substantial evidence Vallejo had assaulted the victim with a barbell.

. We note that, in twice rejecting the state's plea offers before trial, Vallejo had every opportunity to explain why she could not or would not accept the plea but did not do so. She also acknowledged having spoken to her counsel about the plea offers before declining them.

. The trial court also correctly distinguished State v. Darelli, 205 Ariz. 458, 72 P.3d 1277 (App.2003), in which Division One of this court held that “a trial judge may not effectively implement a plea cut-off date, by rejecting all potential pleas except a plea to the charges, based solely on the procedural posture of the case at issue.” Id. ¶ 1.