NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MIGUEL RAMIREZ, *Petitioner*.

No. 1 CA-CR 16-0552 PRPC
FILED 8-15-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-114320-001 DT
The Honorable Pamela D. Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Miguel Ramirez, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1          Miguel Ramirez petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          Ramirez was convicted by a jury of misconduct involving weapons, a class four felony. He was sentenced to the presumptive term of ten years in prison on the substantive offense—having been on probation, with two prior convictions for enhancement—and six months' imprisonment on each probation count, to run consecutive to each other and the substantive offense. His conviction and sentences were affirmed, with a correction to presentence incarceration credit. *State v. Ramirez*, 1 CA-CR 14-0119, 2014 WL 7277823 (Ariz. App. Dec. 23, 2014) (mem. decision).

¶3          Ramirez filed a timely petition for post-conviction relief, claiming ineffective assistance of trial counsel under *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000). Ramirez claimed his counsel did not explain the elements of the charge to him or the evidence against him, failed to advise him to take the plea, and never put an alleged five years' verbal offer from the State into writing. The superior court summarily dismissed his petition.

¶4          In his petition for review, Ramirez reiterates his claim in principle, but now asserts that his attorney affirmatively advised him not to take the plea, because the offers could get better and she could argue to the jury that the State had only circumstantial evidence to convict him at trial. We decline to consider matters and evidence not appropriately presented below. Issues not presented to the superior court may not be presented in the petition for review. *See* Ariz. R. Crim. P. 32.9 (c)(1); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *approved as modified*, 164 Ariz. 485, 794 P.2d 118 (1990); *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980).

¶5          We review the superior court's decision whether to conduct an evidentiary hearing for an abuse of discretion. *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). Ramirez contends he is entitled to an evidentiary hearing based upon his uncontested allegations. The court views allegations in a petition in light of the entire record to determine if a claim is colorable. *See generally State v. Lemieux*, 137 Ariz. 143, 146, 669 P.2d 121, 124 (App. 1983). In review of the *entire* record, including the record on appeal, and transcripts therefrom, Ramirez's claims of ineffective assistance of counsel have no merit.

¶6　　　　The trial court conducted a settlement conference, at which the charge, including the evidence needed to convict, was discussed in detail. Ramirez was aware the evidence would show that he had a gun in a holster on his hip, and that he is a prohibited possessor because of his status as a felon and probationer. A *Donald* advisement was also given, Ramirez was aware of the range of sentences if he proceeded to trial, and the offer remained open until the next day. Ramirez expressed a desire to restore his rights to carry a weapon, and discussed his willingness to admit guilt if he were to be given probation, or intensive probation. The State did refer to a possible offer of five years in prison, flat time, but did not make a formal offer. The actual offer was to plead to the charge with a sentencing range of 4.5 to 7.5 years' imprisonment in the Arizona Department of Corrections. The State also indicated it would be willing to agree to concurrent terms on all his cases.

¶7　　　　The record shows the defense attorney at Ramirez's conference encouraged him to ask questions and helped him to understand what he was facing. Settlement counsel stated, "I hate to see you doing more prison time in hopes of trying to get your gun rights restored faster. Does that make sense?" Ramirez responded, "Yeah." The next day, another *Donald* advisement was given, and Ramirez rejected the offer.

¶8　　　　To show ineffective assistance of counsel ("IAC"), Ramirez must show both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court is not bound by the self-serving assertions of Ramirez, especially when clearly contradicted in the record, and in this instance, they are not enough to require an evidentiary hearing. *See, e.g., State v. Goswick*, 142 Ariz. 582, 585, 691 P.2d 673, 676 (1984) (finding, in the context of an IAC claim, no sufficient factual basis to support an allegation based on the self-serving affidavit of the defendant); *see also Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (holding that the defendant's self-serving affidavit regarding a plea offer was not sufficient alone to show prejudice), *superseded by statute on other grounds as stated in United States v. Bejarano*, 751 F.3d 280, 287 n.5 (5th Cir. 2014). Ramirez does not cite any evidence in the record supporting his claim that his attorney gave him erroneous advice that unduly influenced his decision to proceed to trial. His counsel was obviously attempting to obtain a better result through negotiation, which is supported by the record.

¶9　　　　To show IAC during plea negotiations, a petitioner must show in part that his attorney led him to make an uninformed decision to reject a plea bargain and proceed to trial. *See Donald*, 198 Ariz. at 413, ¶ 16, 10 P.3d at 1200. Ramirez was fully informed of the charge and the

consequences. There was no formal offer for five years made by the State, and counsel was not ineffective for failing to seek this particular agreement. *See State v. Vallejo*, 215 Ariz. 193, 195, ¶ 6, 158 P.3d 916, 918 (App. 2007) (declining to extend *Donald* to nonexistent plea agreements). Nor does Ramirez's bare claim that his attorney did not advise him to take the plea create the implication of either deficient performance or prejudice.

¶10    Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA