NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TOM DEAN SMITH, *Petitioner*.

No. 1 CA-CR 16-0259 PRPC
FILED 8-15-2017

Petition for Review from the Superior Court in Navajo County
No.  S0900CR201100301
The Honorable Robert J. Higgins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Galen Wilkes
*Counsel for Respondent*

Tom Dean Smith, Florence
*Petitioner*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1** Petitioner Tom Dean Smith petitions this court to review the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** Smith returned home to the trailer he shared with his wife, the victim, on April 24, 2011. Upon entering the room, he began pulling her hair, punching her in the face, and demanding oral sex. While threatening her, he pinned her arms down with his knees, and forced his penis into her mouth. Smith subsequently left the room and the victim called 9-1-1.

**¶3** At trial, in addition to hearing from the victim and the police, the jury heard a recording of a threatening message Smith left on the victim's cell phone just prior to the assault. A jury found Smith guilty of kidnapping/domestic violence, aggravated assault/domestic violence and sexual assault/domestic violence. The superior court imposed concurrent sentences of 5 years on the kidnapping charge, 6.25 years on the aggravated assault charge, and 6.25 years on the sexual assault charge.

**¶4** Smith filed an appeal and this court affirmed his convictions and sentences. *State v. Smith*, 1 CA-CR 12-0058, 2013 WL 4321228 (Ariz. App. Aug. 15, 2013) (mem. decision). This court, in upholding the convictions and sentences, rejected Smith's claims that (1) the trial court did not provide him with portions of the transcripts not requested by counsel; (2) the court inappropriately instructed the jury about reasonable doubt; (3) his sentences were excessive; and (4) his 6.25-year prison sentence for sexual assault was improper. We did correct the term of imprisonment on the aggravated assault charge, holding it should be 2.5 years in accordance with the superior court's oral pronouncement rather than the 6.25 years stated in the minute entry. A corrected minute entry was subsequently issued by the superior court.

**¶5**　　　　Smith filed a timely notice of post-conviction relief and his appointed Rule 32 counsel filed a notice of completion. Smith then filed a *pro se* petition for post-conviction relief. The trial court summarily dismissed the petition because it failed to state a colorable claim. Smith filed a motion for reconsideration, which the superior court denied. Smith's timely petition for review followed.

## DISCUSSION

**¶6**　　　　In his petition for review, Smith claims he presented colorable claims for relief that warranted an evidentiary hearing. Specifically, Smith claims he received ineffective assistance of counsel from his trial attorney, appellate attorney, and Rule 32 counsel. Smith asserts his trial counsel failed to convey his willingness to enter a "no-contest plea," and that trial counsel failed to inform him of the State's plea offer of 5.25 years until 3 days prior to trial. Smith further argues his appellate and Rule 32 counsel should have raised the plea-bargaining issues. Smith's second claim is that his trial counsel failed to challenge the admission of the incriminating audiotape as "induced" in bad faith, a violation of the rules of evidence (i.e., foundation), and a violation of state and federal wire-tapping laws. His third claim relates to counsel's failure to request transcripts, appropriately designate the record, and failure to challenge the superior court's "reasonable doubt" instruction. Finally, Smith claims that his trial counsel introduced and/or failed to challenge the introduction of "bad acts" evidence at trial, prejudicing his case.

**¶7**　　　　A superior court may summarily dismiss a Rule 32 petition only if it finds no "material issue of fact or law exists which would entitle the defendant to relief." Ariz. R. Crim. P. 32.6(c).[1] To receive an evidentiary hearing, the defendant must present a "colorable claim"—one which, if true, would have changed the outcome of the proceeding. *State v. Watton*, 164 Ariz. 323, 328 (1990). A decision as to whether a petition presents a colorable claim is, to some extent, a discretionary decision for the superior court. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). An appellate court will reverse a trial court's summary dismissal only if an abuse of discretion affirmatively appears. *Watton*, 164 Ariz. at 325; *State v. Bowers*, 192 Ariz. 419, 422, ¶ 10 (App. 1998).

---

[1]　　　　We cite to the current version of applicable statutes or rules when no revision after the date of an alleged offense has occurred.

**A.     The Superior Court Did Not Err by Summarily Denying Smith's Claims of Ineffective Assistance of Counsel.**

**¶8**          As a threshold matter, Smith's claim against his Rule 32 counsel is not cognizable. A defendant who did not enter a plea agreement has "no constitutional right to counsel or effective assistance in post-conviction proceedings." *State v. Krum*, 183 Ariz. 288, 292, n.5 (1995).

**¶9**          Smith's claim of ineffective assistance of appellate counsel is not colorable. A defendant may only bring claims of ineffective assistance of trial counsel in a Rule 32 proceeding. *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002) ("[Ineffective assistance of trial counsel claims] improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit."); *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007). In his petition for review to this court, the only claim specified against appellate counsel relates to appellate counsel's failure to raise, *on appeal*, an ineffective assistance of trial counsel claim relating to plea bargaining. Smith's ineffective assistance of trial counsel claim could not have been raised on direct appeal by his appellate counsel. *See Spreitz*, 202 Ariz. at 3, ¶ 9. By not raising his other claims of ineffective assistance of appellate counsel in his petition for review, Smith has abandoned those claims. Ariz. R. Crim. P. 32.9(c)(1) (petition for review shall contain "the reasons why the petition should be granted" and "specific references to the record"); *State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12, n.4 (App. 2010) (the court declined to address arguments not raised in petition for review).

**¶10**          Smith's claims relating to ineffective assistance of trial counsel and plea bargaining are likewise not colorable. Smith first asserts that his counsel should have conveyed to the State his willingness to enter a "no contest" plea. Criminal defendants have no constitutional right to a plea agreement and the State is not required to offer one. *State v. Jackson*, 209 Ariz. 13, 15, ¶ 6 (App. 2004). Any "no contest" plea pursuant to a plea agreement would have required consent of the State first, and then the court. *See* Ariz. R. Crim. P. 17.1(c). The State controlled the terms of any plea agreement permitting *both* a no contest plea and any stipulations concerning penalty. Moreover, Smith does not explain why he was more likely to accept the plea offered by the State if it had been a "no contest" plea.

**¶11**          On two occasions Smith rejected the State's plea offer. In *State v. Vallejo*, we rejected the claim that trial counsel should inquire as to why a defendant rejected a plea offer, or should find out whether a plea to a different offense is available. 215 Ariz. 193, 195, ¶ 7 (App. 2007) (counsel not

ineffective for failing to resume plea negotiations after defendant rejected original offer).

¶12 Likewise, there is no evidence in the record that supports Smith's other contention that his trial counsel failed to convey the State's plea offer in a timely manner. The record shows that Smith declined the State's offer months before the trial. However, even if we were to find support for Smith's claim that the State's offer was only communicated to him three days prior to the trial, Smith would still not be entitled to relief. *Cf. State v. Donald*, 198 Ariz. 406, 418, ¶ 46 (App. 2000) (a defendant suffers a constitutionally significant injury when he loses a favorable plea bargain because of ineffective assistance of counsel). Smith has cited no authority to support his contention that defendants must be given any particular time frame for considering and accepting a plea agreement. His statement in his petition that he was ". . . mentally committed to the trial process and was unable to reasonably consider the state's offer" cuts against his argument that he wanted the State's offer. Smith has failed to establish that there were any errors in how trial counsel handled the plea-bargaining process, and that but for those errors he would have pled guilty in lieu of going to trial. *See Donald*, 198 Ariz. at 418, ¶ 46.

¶13 Smith claims his trial counsel failed to request transcripts relating to the reading of the charges and failed to object to the reasonable doubt instruction. However, these claims were raised by Smith on direct appeal and rejected by this court. These claims are now precluded from further review. Ariz. R. Crim. P. 32.2(a)(2) (a defendant is precluded from relief based upon claims "[f]inally adjudicated on the merits on appeal").

¶14 Finally, Smith did not set forth a colorable claim that his trial counsel was ineffective for failing to object to "bad acts" evidence. To state a colorable claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below objectively reasonable standards and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Failure to establish either criterion is fatal to the claim, and obviates the need for a court to consider the other prong. *State v. Salazar*, 146 Ariz. 540, 541–42 (1985).

¶15 Smith complains about the victim's testimony that he set a fire in which their son perished, offered by her on cross-examination to explain why she and Smith did not live together; testimony relating to another case in justice court (introduced by his counsel in an attempt to show his client was disruptive but not violent); prior incidents of assaults with the same

victim (not objected to); and testimony relating to another break-in at the location of the assault and the placement/hiding of knives by Smith. The victim opined that Smith did this to prevent her from using these against him, as she did in a previous incident. Again, no objection was raised.

¶16        Smith has not set forth a colorable claim for prejudice. *Strickland*, 466 U.S. at 687. The trial testimony of the victim was unrebutted and supported by physical evidence of the assault. The officer at the scene testified about her injuries and appearance. The State presented the incriminating and threatening messages left by Smith on the victim's cell phone. *See infra*, ¶¶ 18–20. Finally, the State introduced incriminating letters by Smith admitting that "I know what I did was wrong" and stating "It will never happen again." In both letters, Smith asked the victim to drop the charges. There was also evidence he had fled the scene.

¶17        To establish prejudice, this court must find to a reasonable probability, absent the evidence that Smith complains of, that "the result of the trial [was] unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). We can firmly say that given the overwhelming evidence of Smith's guilt, the admission of the now-challenged evidence did not make the result of the trial unreliable or the proceeding fundamentally unfair. *See State v. Rankovich*, 159 Ariz. 116, 123 (1988).[2]

**B.     Smith Failed to Set Forth a Colorable Claim that the Admission of Messages Left on the Victim's Cell Phone Was Error.**

¶18        Smith claims that the admission of the messages he left on the victim's cell phone was error. Smith did not raise this issue on direct appeal. Because the issue could have been raised on direct appeal, Smith is precluded from raising the claim in this Rule 32 proceeding. Ariz. R. Crim. P. 32.2(a)(1) (a defendant is precluded from relief for issues that were "raiseable on direct appeal").

¶19        Preclusion notwithstanding, the claim is meritless. Smith takes the untenable position that only he could have given permission for the officer to record his messages since he was the only "participant." Smith

---

[2]        Because we believe that the consideration of the second prong of the inquiry is dispositive of the ineffective assistance claim, we neither reach nor comment on the first prong of the inquiry. *Rankovich*, 159 Ariz. at 122–23.

*voluntarily* called the victim's cellphone and left the messages. The victim, an intended party to the call, consented to the use of the messages and rerecording, and testified at trial for foundational purposes. The State laid foundation under the rules of evidence and the messages were properly admitted.

**¶20** The claim that there is some constitutional or statutory basis for suppression is likewise without merit. The use of the messages did not implicate either the Fourth or Fifth Amendments, as Smith had no expectation of privacy in the contents of messages left for the victim. There was no search, because Smith's incriminating statements were voluntary and he was not in custody or being interrogated. *See United States v. Caceres*, 440 U.S. 741, 750 (1979) (constitution does not prohibit use of recordings of statements made by a party to the conversation); *United States v. White*, 401 U.S. 745, 753 (1971) (plurality opinion); *State v. Juarez*, 203 Ariz. 441, 444 (App. 2002) (defendant may not challenge a search if he does not have an expectation of privacy in the location searched); *State v. Stanly*, 123 Ariz. 95, 102 (App. 1979); *see also Miranda v. Arizona*, 384 U.S. 436, 478 (1966) ("Volunteered statements of any kind are not barred by the Fifth Amendment . . . ."). Additionally, Arizona law specifically permits the use of the recording introduced in this case. *See* A.R.S. § 13-3012(9); *State v. Allgood*, 171 Ariz. 522, 523–24 (App. 1992).[3]

## CONCLUSION

**¶21** We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3] Because we find the admission of the evidence was not error, we decline to address the claim for ineffective assistance of trial counsel for failing to object to the admission of the evidence.