NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Respondent*,

*v.*

ROBERT ANDERSON,
*Petitioner*.

No. 1 CA-CR 20-0025 PRPC

FILED 10-1-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2016-124242-001
The Honorable Mark H. Brain, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Robert George Anderson, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A,** Judge:

¶1        Robert George Anderson petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 33 (2020).[1] Having considered the petition, the court grants review but denies relief.

¶2        Phoenix police officers responded to a burglary in progress at a United States government building and apprehended Anderson as he fled. In Anderson's nearby vehicle, police found burglary tools and methamphetamine in a pill bottle. The State charged Anderson with burglary, possession of burglary tools and possession or use of dangerous drugs. Because the incident occurred on property under federal jurisdiction, the court granted Anderson's motion to dismiss the burglary and possession of burglary tools charges.

¶3        Anderson then pled guilty to the drug charge. He was sentenced to a stipulated presumptive term of 2.5 years' imprisonment to run concurrently with his sentences in another criminal matter. *See State v. Anderson*, 1 CA-CR 18-0565, 2019 WL 3959454 (Ariz. App. Aug. 22, 2019) (mem. decision) (affirming convictions and sentences in the other criminal matter).

¶4        Anderson timely petitioned for post-conviction relief. He challenged the court's jurisdiction, and he raised claims related to the police search of his vehicle, newly discovered evidence, ineffective assistance of counsel (IAC), "judicial bias and conflict of interest," prosecutorial misconduct, the State's purported violation of its disclosure obligations, and "the denial of the procurement of transcripts." The court summarily dismissed the petition, finding Anderson failed to raise a material issue of

---

[1] Effective January 1, 2020, the Arizona Supreme Court amended the post-conviction relief rules. Because there were no substantive changes to the respective rules related to this decision, this decision applies and cites the current rules.

fact or law. *See* Ariz. R. Crim. P. 33.11(a); *see also State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016) ("If the alleged facts would not have probably changed the verdict or sentence, then the claim is subject to summary dismissal."); *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988) (a PCR petitioner must present a colorable claim to be entitled to an evidentiary hearing).

**¶5** Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012); *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011). Anderson has failed to show error.

**¶6** Anderson first appears to argue that the federal government's exclusive jurisdiction over the property supports dismissal of the drug charge. He claims that when police officers found drugs in his truck, they knew the State lacked jurisdiction over the property. Thus, Anderson reasons, the seizure of the drugs was unlawful. The question of federal jurisdiction in this case, however, was litigated and resolved before Anderson pled guilty.

**¶7** Even assuming the officers knew about the federal government's exclusive jurisdiction, such knowledge did not mean the search of Anderson's vehicle and resulting seizure of the drugs inside it was improper. *See, e.g.*, *State v. Paxton*, 186 Ariz. 580, 584 (App. 1996) ("Evidence obtained in violation of the Fourth Amendment need not be suppressed when that evidence would inevitably have been discovered by lawful means."). Anderson does not argue, or cite authority, to the contrary. Thus, Anderson's challenge to the drug charge is not, as he suggests, based on the superior court's purported lack of jurisdiction. Instead, it rests on Fourth Amendment principles. *See* U.S. Const. amend. IV. By pleading guilty, however, Anderson waived claims relating to the search and seizure. *See State v. Reed*, 121 Ariz. 547, 548 (App. 1979) (plea agreement waives all non-jurisdictional defenses, errors and defects which occurred before the plea); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (waiver of non-jurisdictional defects includes deprivation of constitutional rights).

**¶8** Anderson next contends his appointed counsel was ineffective for, among other things, failing to include the drug charge in the motion to dismiss. By pleading guilty, Anderson waived IAC claims that do not directly relate to the validity of his plea. *State v. Quick*, 177 Ariz. 314, 316 (App. 1994). Moreover, although Anderson briefly mentioned IAC generally in his Rule 33 petition, he did not raise this specific claim. Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see State v. Smith*, 184 Ariz. 456, 459 (1996); *State v. Swoopes*, 216 Ariz. 390, 403,

¶¶ 40–41 (App. 2007) (both holding there is no review for fundamental error in a post-conviction relief proceeding).

**¶9**      Anderson also refers to issues of judicial bias and prosecutorial misconduct that this court addressed in his other criminal matter and found no error. *Anderson*, 2019 WL 3959454 at *2-3, ¶¶ 7-15. Accordingly, whatever relationship those issues have to the PCR proceeding in this case, they do not entitle Anderson to relief.

**¶10**      Because Anderson has shown no error, the court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA